UNITED STATES FEDERAL COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **JOHN NEUMAN,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | Case No. 3:21-cv-217 |
| | § | |
| **GARRETT DEMOLITION, INC,** | § | |
| **BRADLEY J. GARRETT AND APRIL M.** | § | |
| **COLLMAR, INDIVIDUALLY** | § | |
| | § | |
| **Defendants.** | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff John Neuman ("Neuman") brings this Fair Labor Standards Act ("FLSA") suit against the above-named Defendants under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, as amended. For cause of action, he respectfully shows as follows:

### I. NATURE OF SUIT

1. The FLSA was passed by Congress in 1938 to eliminate low wages and long hours and to correct conditions that were detrimental to the health and well-being of workers. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945). To achieve its humanitarian goals, the FLSA "limits to 40 a week the number of hours that an employer may employ any of his employees subject to the Act, unless the employee receives compensation for his employment in excess of 40 hours at a rate not less than one and one-half times the regular rate at which he is employed." *Walling v. Helmerich & Payne,* 323 U.S. 37, 40 (1944) (discussing the requirements of 29 U.S.C. § 207(a)).

2. Defendants have violated the FLSA by failing to pay Neuman in accordance with the guarantees and protections of the FLSA. Defendants have failed and refused to pay Neuman at time-and-one-

half his regular rate of pay for all hours worked in excess of forty hours within a workweek, although they had full knowledge that Neuman consistently worked over forty hours per week.

## II. PARTIES

3. John Neuman is an individual who resides within this judicial district. He was employed by Defendants within the meaning of the FLSA from April 23, 2018 through January 23, 2021.

4. Garrett Demolition, Inc. ("Garrett Demolition") is a domestic corporation that is currently authorized to do business in Texas, and that is doing business in Texas. Its principal office is located in Burleson, Texas. Its registered agent for service of process is Bradley J. Garrett, located at 10705 County Road 1020, Burleson, Texas 76097.

5. Garrett Demolition was an employer of Neuman as defined by 29 U.S.C. §203(d).

6. Bradley J. Garrett is the President and a Director of Garrett Demolition. He may be served at 10705 County Road 1020, Burleson, Texas 76097.

7. At all times relevant to this claim, Bradley J. Garrett acted directly or indirectly in the interest of Defendant Garrett Demolition in relation to Neuman's employment.

8. Bradley J. Garrett was an employer of Neuman as defined by 29 U.S.C. §203(d).

9. April M. Collmar is a Director of Garrett Demolition. She may be served at 10705 County Road 1020, Burleson, Texas 76097.

10. At all times relevant to this claim, April M. Collmar acted directly or indirectly in the interest of Defendant Garrett Demolition in relation to Neuman's employment.

11. April M. Collmar was an employer of Neuman as defined by 29 U.S.C. §203(d).

12. At all times hereinafter mentioned, Bradley J. Garrett and April M. Collmar were Directors of Garrett Demolition, and they have each exercised managerial responsibilities and substantial control over Garrett Demolition's employees, including Neuman, and the terms and conditions of

their employment. Garrett and Collmar have the authority to and have utilized their authority to: hire, fire and direct Garrett Demolition's employees, including Neuman; supervise and control the employment relationships and work schedules of Garrett Demolition's employees, including Neuman; set and determine the rate and method of pay of Garrett Demolition's employees, including Neuman; and decide whether Neuman receives overtime compensation. Additionally, both Garrett and Collmar maintain employment records for Garrett Demolition's employees, including Neuman.

### III. JURISDICTION AND VENUE

13. This Court has subject matter jurisdiction in this matter because Plaintiff asserts claims arising under federal law. Specifically, Plaintiff asserts claims arising under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*. This Court, therefore, has jurisdiction pursuant to 28 U.S.C. § 1331. This Court also has personal jurisdiction over all parties to this action.

14. Venue is proper in this district and division as all or a substantial part of the events forming the basis of this suit occurred in and around Johnson County, Texas, which is in this District and Division. Neuman was an employee of Defendants, and performed work for Defendants in and around this district and division. Defendants are subject to this Court's personal jurisdiction with respect to this civil action. Defendants thus reside in this district and division. 28 U.S.C. §1391(c). Venue in this Court is therefore proper under 28 U.S.C. § 1391(b).

### IV. COVERAGE UNDER THE FLSA

15. At all relevant times, Defendants have, jointly or individually, acted, directly or indirectly, in the interest of an employer with respect to Neuman.

16. At all times hereinafter mentioned, Defendants have, jointly or individually, been an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

17. At all times hereinafter mentioned, Defendants have been engaged in an "enterprise" within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

18. At all times hereinafter mentioned, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that Defendants are an enterprise and have had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

19. At all times hereinafter mentioned, Neuman was an individual "employee" (as defined in Section 3(e)(1) of the FLSA, 29 U.S.C. § 203(e)(1)) who was engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §207 and whom Defendants at all relevant times "employ[ed]" within the meaning of Section 3(g) of the FLSA, 29 U.S.C. § 203(g).

## V.  FACTUAL ALLEGATIONS

20. Defendant Garrett Demolition is a commercial demolition and construction company located in Burleson, Texas.

21. Neuman worked for Defendants from April 23, 2018 through January 23, 2021 as a mechanic, working on both heavy and light vehicles in Defendants' mixed fleet of vehicles. Neuman was not paid overtime premiums when he worked more than forty hours in a workweek.

22. For all times relevant to this action, Neuman's primary job duty was not the performance of work directly related to Defendants' management or general business operations, or those of their customers.

23. For all times relevant to this action, Neuman's primary job duty did not include the exercise of discretion and independent judgment with respect to matters of significance.

24. At no point in time did Neuman customarily or regularly direct the work of two or more full time employees or their equivalent.

25. Neuman routinely worked long hours.  He would consistently work more than forty hours per week, and in a typical workweek he would work between 65 and 70 hours. Defendants were aware of the exact amount of hours Neuman worked, as Neuman often complained about the excessive number of hours he worked.

26. Defendants have knowingly, willfully, or with reckless disregard carried out, and continue to carry out, their illegal pattern or practice of failing to pay overtime compensation to Neuman.

27. Neuman also complained about the fact that Defendants were not paying him overtime compensation for hours worked over forty per week, but Defendants ignored his complaint and refused to pay Neuman overtime compensation.

### VI. CAUSE OF ACTION:  FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

28. Neuman incorporates all allegations contained in the foregoing paragraphs as though fully set forth herein.

29. During the relevant period, Defendants have violated Section 7 of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2) by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as stated herein above, for workweeks longer than 40 hours without compensating Neuman for his work in excess of forty hours per week at rates no less than one-and-one-half times his regular rates for which he was employed.  Defendants have acted willfully in failing to pay Neuman in accordance with applicable law.

## VIII. PRAYER FOR RELIEF

WHEREFORE, cause having been shown, upon final hearing of this cause, Neuman prays for judgment against Defendants Garrett Demolition, Inc., Bradley J. Garrett and April M. Collmar, jointly and severally, as follows:

a. For an Order pursuant to Section 16(b) of the FLSA, 29 U.S.C. §216(b), finding Defendants liable for unpaid back wages due to Neuman and for liquidated damages equal in amount to the unpaid compensation found due to Neuman;

b. For an Order awarding Neuman the taxable costs and allowable expenses of this action;

c. For an Order awarding Neuman attorneys' fees;

d. For an Order awarding Neuman pre-judgment and post-judgment interest at the highest rates allowed by law;

e. For an Order awarding Neuman declaratory and injunctive relief as necessary to prevent the Defendants' further violations, and to effectuate the purposes, of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*. and

f. For an Order granting such other and further relief, at law or in equity, as may be necessary and/or appropriate.

Respectfully Submitted,

**MORELAND VERRETT, P.C.**
700 West Summit Dr.
Wimberley, Texas 78676
Tel: (512) 782-0567
Fax: (512) 782-0605

By: */s/ Douglas B. Welmaker*
      Douglas B. Welmaker
      Texas State Bar No. 00788641
      doug@morelandlaw.com


**ATTORNEY FOR PLAINTIFF**